E. C. MEACHAM ARMS CO. ET AL., APPELLANTS,

*v.*

EMANUEL L. SWARTS ET AL., APPELLEES.

In case of a foreclosure by a wife of a fraudulent chattel mortgage given her by the husband, an attaching creditor of the husband, in order to protect his lien on property covered by the mortgage, is entitled to an injunction restraining the foreclosure of the mortgage.

This right is not only accorded him as a matter of equity jurisdiction, but is also secured to him under Section 1997 of the Code of 1881, relating to the foreclosure of chattel mortgages.

Where a temporary injunction had been granted an attaching creditor, before

judgment in a law action, against the foreclosure by a wife of a fraudulent chattel mortgage of the attached property, under Section 114 of the Civil Practice Act, the Court should have permitted a supplemental bill to be filed, showing the rendition of judgment in the law action, instead of dismissing the original bill, for failing to show a judgment to be protected.

Appeal from Fourth Judicial District, holding terms at Spokane Falls.

Appellants brought their action by attachment in the District Court against Emanuel L. Swarts, and levied same upon his stock in trade at Spokane Falls.

Swarts had previously executed and delivered to his wife a chattel mortgage purporting to secure over $3,000, covering the property levied upon, which was all his property. Mrs. Swarts was proceeding to foreclose the mortgage when the attachment was levied; the sheriff was in possession of the property at the time of the levy, for the purpose of selling the same to satisfy the mortgage.

Appellants thereupon commenced this action; to have the mortgage declared void as against the creditors of Swarts, alleging that it was without consideration, and a mere device resorted to by Mrs. Swarts and her husband, for the purpose of enabling the husband to avoid the payment of his debts; and for the purpose of protecting their attachment lien.

Appellants prayed that the foreclosure of the mortgage might be perpetually enjoined.

Swarts and his wife, separately answering, denied all allegations of fraud, averring that the mortgage was for the purpose of securing a valid indebtedness from the husband to his wife. At the hearing, plaintiffs moved for judgment upon the pleadings, which was overruled; whereupon, defendants moved for a dismissal of plaintiffs' bill, and plaintiffs asked leave to file supplemental bill, setting up that since the filing of the original bill they had prosecuted their attachment suits to final judgments. The Court overruled plaintiffs' motion, and dismissed plaintiffs' bill.

*Forster & Houghton* and *Binkley & Taylor*, for Appellants.

The lien of an attachment is sufficient to enable a creditor to maintain a suit in equity, to set aside a fraudulent conveyance

of the property attached. It is not necessary that the attachment should have been first prosecuted to a judgment. (*Kahn* v. *Salmon*, 20 Fed. Reporter, 801 ; *Tappan* v. *Edwards*, 11 N. H. 311; *Robert* v. *Hodges*, 16 N. J. E. R. 299 ; *Williams* v. *Michenor*, 11 N. J. E. R. 520 ; *Curry* v. *Glass*, 25 N. J. E. R. 108 ; *Davis* v. *Dean*, 26 N. J. E. R. 436 ; *Heyneman* v. *Dannenberg*, 6 Cal. 376 ; *Scales* v. *Scott*, 13 Cal. 76 ; *Russell* v. *Clark*, 7 Cranch, 89 ; *Edson et al.* v. *Cummins*, 17 N. W. Rep. 693 ; *Holt* v. *Bancroft*, 30 Ala. 193 ; *Merriam* v. *Sewall*, 8 Gray, 316 ; *Compton* v. *Anthony*, 13 Allen, 33 ; *Conroy* v. *Woods*, 13 Cal. 626 ; *Stone* v. *Anderson*, 26 N. H. 506 ; *Stevens* v. *Beal*, 4 Ga. 319 ; *Shaw* v. *Dwight*, 27 N. Y. 244 ; *Sheafe* v. *Sheafe*, 40 N. H. 516.)

The right of a mortgagee to foreclose a mortgage of personal property, as well as the amount claimed to be due thereunder, "may be contested by *any person interested* in so doing, and the proceedings may be transferred to the District Court, for which purpose an injunction may issue-if necessary." (Code of W. T., Sec. 1997.)

It was error not to allow plaintiff to file a supplemental complaint, setting forth that since the commencement of the suit plaintiffs' attachment and lien had been reduced to judgment. (*Conroy* v. *Woods*, 13 Cal. 626 ; *Edgar* v. *Clevenger*, 3 N. J. Eq. 258 ; Sec. 114 Code Wash. Territory.)

*Nash & Kinnaird*, and *W. M. Murray*, for Appellee, Elizabeth Swarts.

*M. T. Hartson*, for Appellee, Emanuel L. Swarts.

Plaintiffs' motion for judgment on the pleadings was properly overruled :

1. Defendants' answers deny all allegations of fraud, and alleged consideration to support the mortgage.

2. The mortgage described in the complaint is not, *per se*, fraudulent. (Jones on Chattel Mortgages, 2d ed., Sec. 379, 381, 414–425 ; *Brackett* v. *Harvey*, 91 N. Y. 214; *Frankhauser* v. *Ellett*, 22 Kan. 127; *Robinson* v. *Elliott*, 22 Wall. 513 ; *Wineberg* v. *Schaer, infra; Bailey* v. *Kansas Mf'g Co.*, 3 Pac. Reporter, 756 ; *Hughes* v. *Cory*, 20 Iowa, 403; *Briggs* v. *Park-*

*man,* 2 Metc. 258 ; *Jones* v. *Huggeford,* 3 Metc. 515 ; *Brett* v. *Carter,* 2 Lowell, 458 ; *Clark* v. *Hyman,* 39 Am. Reports, 160 ; 55 Iowa, 14 ; *Klein* v. *Katzenberger,* 20 Ohio State, 110.)

The complaint shows no ground for the exercise of jurisdiction by a Court of Equity.

1.   Creditor, before judgment, cannot maintain a suit in equity to set aside a fraudulent conveyance. (*Talbott* v. *Randall,* 5 Pac. Rep. 533 ; *Wineland* v. *Cochran,* North Western Rep. 67 ; 9 Neb. 480 ; *Weil* v. *Larkins,* 3 Neb. 384 ; *Tennent* v. *Battey,* 18 Kan. 324 ; *Jones* v. *Green,* 1 Wall. 330 ; *Thurber* v. *Blanck,* 50 N. Y. 80 ; *Reubens* v. *Joel,* 13 N. Y. 488 ; *Mc-Minn* v. *Whelan,* 27 Cal. 300, 315 ; *Goembel* v. *Arneet,* 100 Ill. 34 ; *Bigelow* v. *Andress,* 31 Ill. 322 ; *Stewart* v. *Fagan,* 2 Woods, 215 ; *Crowell* v. *Horack,* 12 North Western Rep. 99 ; *Screven* v. *Bostick,* 16 Am. Dec. 664 ; *Gilpin* v. *Davis,* 5 Am. Dec. 623 ; *Stone* v. *Manning,* 35 Am. Dec. 119 ; *Miller* v. *Davidson,* 44 Am. Dec. 715 ; *Brown* v. *Long,* 36 Am. Dec. 43 ; Pomeroy's Equity Jurisprudence, Vol. III., 463, *et seq.;* High on Injunctions, 2d vol. ed., Secs. 1403, 1405.)

An attachment, if a lien at all, is only a provisional or conditional one. (*Ex parte Foster,* 2 Story, 131.)

An attachment is merely an auxiliary proceeding, and has no more effect in establishing the plaintiff's claim than does the filing of a sworn complaint ; and hence plaintiffs are in no better position in the premises than if no attachment had been sued out. (*Talbott* v. *Randall,* 5 Pac. Rep. 533 ; *Wineland* v. *Cochran,* 9 Neb. 480.)

Section 114, Code of W. T., is directory merely; and the granting of leave to file supplemental pleadings resting in the discretion of the Court, an order refusing such leave may not be appealed from. (*Medbury* v. *Swan,* 46 N. Y. 200.)

Opinion by WINGARD, Associate Justice.

The appellants brought an action in the District Court (4th District) against Emanuel L. Swarts, and an attachment was issued and levied upon his stock in trade at Spokane Falls, Spokane County, Washington Territory.

Swarts had previously executed and delivered to his wife, Elizabeth L., a chattel mortgage purporting to cover all his prop-

erty, and said Elizabeth L. had commenced proceedings to fore-close said chattel mortgage, when the attachment was levied. The sheriff was in possession of the mortgaged property.

Appellants applied to the District Court, and obtained an injunction, restraining the mortgagee, sheriff, and all others from foreclosing said mortgage, and setting up that the mortgage was fraudulent and void, without consideration, for the use and benefit of the mortgagor, and that it was a scheme and contrivance entered into between Swarts and his wife, to hinder, delay and defraud his creditors; that the property mortgaged was all the property owned by Swarts, and that if the same was sold upon foreclosure, the appellants would be without remedy to collect their claim; and they prayed that the injunction be made perpetual, and the mortgage be declared void and not a lien. Separate answers were filed by the appellees, but both, either by express admission or a failure to deny, admit the making and attempt to foreclose the mortgage—admit the attachment by plaintiffs—admit the debt due from Swarts to them, and that he had no other property subject to execution, as set forth in the complaint.

Strong, Hackett & Co. consented to be made parties plaintiff, and it was so ordered by the Court.

When the cause came on for hearing, the appellants moved for judgment on the pleadings, which motion was overruled.

The appellees then moved to have the bill dismissed; whereupon the plaintiffs below asked leave to file a supplemental bill, alleging that since the filing of the original bill they had prosecuted their suit to final judgment. This leave was denied by the District Court.

The bill was then dismissed by the Court, to which action of the Court the appellants excepted.

It is contended by the appellees that the bill for injunction, etc., being a suit in equity, could not be maintained, to set aside a fraudulent mortgage by an attaching creditor before judgment.

We think the appellants had a right to file the supplemental complaint, which they asked leave to file, under Sec. 114, Code of this Territory; and had this been done, the contention of the appellees in this regard would have been eliminated. Moreover, the jurisdiction of the District Court to entertain the bill for

injunction is expressly given by Section 1997 of the Code. "Fraud is one of the primary subjects of equity jurisdiction." Equity does that which right, and reason, and good faith, and good conscience demand in the case.

If the appellants in such a case as this should be obliged to await their judgment at law, the law would furnish no adequate remedy, reason would be disregarded and right annulled. (*Kalno v. Solomon*, 20 Fed. Reporter, 801; *Rolent v. Hodges*, 16 N. Jersey, 299; *Hayneman v. Dannenburg*, 6 Cal. 376, 380; 33 Texas, 316; 55 U. S. (14 Howard), 314; Drake on Attachment, Sec. 225; Bump on Fraudulent Conveyances, 524; *Williams v. Michenor*, 11 N. Jersey, 520.)

Let the judgment of the District Court be reversed, and the cause remanded for further proceedings.

We concur:   ROGER S. GREENE, Chief Justice.
                JOHN P. HOYT, Associate Justice.